## EDMONDS v EDMONDS ELEVATOR CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10611. Decided May 26, 1930

George W. Spooner, Cleveland, for Edmonds.

Turney & Sipe, Cleveland, for Company.

MIDDLETON, PJ and MAUCK, J (4th Dist) and SHERICK, J (5th Dist) sitting

MIDDLETON, PJ.

The plaintiff insists that he is entitled to the reformation of the notes described in his petition, which are three in number and in the usual form of promissory notes for the unconditional payment of money. The total amount evidenced by the notes is approximately $10,000.00. They bear the

date of February 1, 1927 and all are made payable three months after date. The evidence wholly fails to support a claim for reformation. It clearly appears that plaintiff signed these notes with full knowledge of their provisions and when they would become due and tends very strongly to show that the notes were executed by him under the advice of his legal counsel and in the presence of the latter.

The fraud which the plaintiff claims, arises from an agreement or contract made prior to the execution of the notes which he maintains by its terms was to allow him to pay the notes from dividends received from the defendant corporation and that he was further to have substantially unlimited time within which to pay. He testifies that he was to be given twenty-five years within which to liquidate the notes.

It appears from the evidence that he was a director of the defendant corporation and that at the time the notes were given he was indebted to the corporation in the amount covered by the notes. It further appears that he has failed to make any payment whatsoever on the notes and that no dividends have been paid by the corporation since the notes were executed. If the contract was made as he claims, and the corporation should continue to fail in the payment of dividends, he would be released eventually from payment of the notes.

It is apparent from these facts that a court of equity could afford him no relief if it were possible for him to properly place such facts before the court. But the notes evidence the final agreement, and as before observed, his action is for a reformation of the notes and there is no evidence that they were not signed by him with full knowledge of all the liabilities they imposed.

The petition is dismissed.

Mauck, J, and Sherick, J, concur.